# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN MORRIS,** | : CIVIL NO. 1:CV-04-1967 |
| Plaintiff | : |
| | : (Complaint Filed 9/7/2004) |
| v. | : |
| | : (Judge Jones) |
| **AGENT GARY LEGORE, et al.** | : |
| Defendants | : FILED ELECTRONICALLY |

## UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Defendant United States of America, through counsel, Assistant United States Attorney Stephen R. Cerutti II, and submits this Brief in Support of its Motion to Dismiss the above captioned action.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 3, 2004, plaintiff Ryan Morris filed a complaint in this Court pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) alleging that the individually named defendants violated his rights under the United States Constitution during their investigation into a suspicious package found outside the Harrisburg Federal Building on July 13, 2004. On November 5, 2004, the individually named defendants filed a Motion to Dismiss or, in the alternative, to strike the complaint. In responding to that motion, plaintiff clarified his claims, arguing that he had, in addition to his <u>Bivens</u> claims, filed suit against

the individually named defendants based upon state law claims of defamation and/or false light representation. Brief in Opposition, Docket No. 13, p. 5.

Based upon the complaint and plaintiff's explanation of his intended inclusion of these state law tort claims, the United States has, concurrently with the filing of this brief, filed a) a certification pursuant to 28 U.S.C. § 2769(d) stating that it has determined that, with regard to those claims, the individually named agents were at all times relevant to this litigation acting within the course and scope of their employment; b) a Notice of Substitution under 28 U.S.C. § 2769(d) substituting the United States as the defendant for those claims; and c) a Motion to Dismiss the claims for which it has filed its Notice of Substitution as defendant. This brief is submitted in support of that motion.

As this Court is aware, in a motion to dismiss, the Court must accept all factual allegations made by the complainant as true. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3rd Cir. 2003). As such, this brief shall accept the factual averments made by plaintiff in his complaint as true, even though the United States does not, in any way, concede that they are.

## QUESTIONS PRESENTED

1) Whether plaintiff's claims are barred due to his failure to exhaust his administrative remedies as required by the FTCA.
   Suggested Answer:     Affirmative.

2) Whether plaintiff's claims are barred by the exceptions to the FTCA's waiver of sovereign immunity.
   Suggested Answer:     Affirmative.

## DISCUSSION

### I. **Plaintiff Has Failed To Exhaust His Administrative Remedies As Is Required To Bring An Action Under The FTCA, And Thus His State Law Tort Claims Must Be Dismissed.**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, confers upon the United States District Courts:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The remedy discussed in § 1346(b) is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter" and "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded."

28 U.S.C. § 2679(b)(1).

As a result of the above, the FTCA is the sole means by which plaintiff in this case could bring suit for the alleged tortious acts of the individually named FBI defendants with regard to his state-law defamation and/or false light representation claims, since they were, at all times relevant to this case, acting within the course and scope of their employment. As such, the plaintiff was required to follow the procedures set forth in the FTCA itself to properly seek redress for these alleged tortious acts of defamation and/or false light representation. This he has not done.

As an initial matter, the action should have been brought against the United States directly, under the provisions of the FTCA discussed above. Since the United States has now filed a notice to substitute itself as a defendant to the state law claims, that defect has been cured. The second shortcoming in plaintiff's action, however, is fatal to his claims.

Under the the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency. . .*" 28 U.S.C. §

2675(a)(emphasis added). This requirement that an FTCA plaintiff first present the claim for determination by the appropriate federal agency is jurisdictional, and if it has not been satisfied, this Court is powerless to address the case. Roma v. United States, 344 F.3d 352, 362-363 (3d Cir. 2003); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995); Livera v. First Nat'l State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989).

Only if the above required administrative claim is denied or, in the alternative, if no action is taken on the claim for a period of six months may a claimant then file suit in district court under the FTCA. 28 U.S.C. § 2675(b). It is the plaintiff's burden to prove that jurisdictional requirements for his claims, such as those discussed above, have been met. See Development Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995); Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1223 (3d. Cir. 1992).

In the instant case, plaintiff has not pled, nor can he show, that he has met the jurisdictional requirement that he present an administrative claim to the appropriate federal agency (in this case the FBI) for the alleged tortious acts of its employees. That is because he has filed no such claim. Plaintiff also has not pled, nor can he show, that a claim has been expressly denied or that the FBI has failed to act upon it for a period of six months. Since the agency has received no

administrative claim on this matter, it is impossible for them to have denied it or fail to act upon it.

As a result of the above, plaintiffs state-law defamation and/or false light representation claims must be dismissed for failure to exhaust his administrative remedies as required by the provisions of the FTCA.

## II. Plaintiff's State Law Defamation And/Or False Light Representation Claims Are Excluded From The FTCA's Waiver of Sovereign Immunity.

In addition to the above-discussed failure of the plaintiff to administratively exhaust his state law-based tort claims in the instant action, the plaintiff also faces another obstacle to bringing these claims in an FTCA action against the United States, namely, the fact that the United States has not waived sovereign immunity for the type of claims that plaintiff is attempting to pursue.

It is well established under the doctrine of sovereign immunity that the United States is immune from suit unless it has consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941). Unless a wavier of sovereign immunity as to a particular claim has been unequivocally expressed by Congress, a district court has no subject matter jurisdiction to entertain a suit against the United States, Mitchell, 445 U.S. at 538, and such waivers must be strictly construed in favor of the sovereign.

United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000).

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." Richards v. United States, 369 U.S. 1, 6 (1962). While the FTCA contains a general waiver of sovereign immunity, it specifically provides for certain exceptions to this waiver, thus retaining its immunity in the specified types of cases. 28 U.S.C. § 2680. One of these exceptions to the waiver of sovereign immunity is an exception for any claim "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander,* misrepresentation, deceit, or interference with contract rights misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h)(emphasis added). While § 2680(h) then goes on to provide an "exception to the exception" with regard to law enforcement officers, reinstating the waiver of immunity for certain claims, these *do not* include the defamation and/or false light representation claims raised by plaintiff.

As a result of the above exception to the FTCA's waiver of sovereign immunity, Morris' defamation claims are prohibited and must be dismissed for lack of jurisdiction. See Brumfield v. Sanders, 232 F. 3d 376, 382 (3d Cir. 2000)

(noting that "an individual who is defamed by a federal employee acting within the scope of his or her employment has no remedy due to the protections afforded by the Westfall Act and the FTCA").

The FTCA also bars Morris' allegations in this case which he characterizes as "false light representation", or as the Pennsylvania Courts generally refer to it, a false light invasion of privacy. Morris alleges that the agent defendants cast him in a false light by focusing the investigation upon Morris and/or by revealing his failed polygraph results and their suspicions to his employer and to others unnamed. Compl. ¶¶ 28-31, 40, 42. Under Pennsylvania law, the tort of false light invasion of privacy involves "publicity that unreasonably places the other in a false light before the public." Curran v. Children's Serv. Cir. of Wyoming County, Inc., 578 A.2d 8, 12 (1990). A cause of action will lie "where a *major misrepresentation* of a person's character, history, activities or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense." Rush v. Philadelphia Newspapers, Inc., 732 A.2d 648, 654 (Pa. Super. Ct. 1999) (emphasis added).

Even assuming Morris has properly alleged the requisite elements of this claim, the allegations clearly make out a claim that arises out of injury to reputation (i.e. arising out of libel or slander) and, thus, the FTCA bars this claim

against the United States. 28 U.S.C. § 2680(h). The mere fact that plaintiff seems to be trying to characterize these "false light" allegations as tortious acts distinct from defamation is of no help to him. It is well established that "the exceptions in the FTCA are not limited to the torts specifically named therein, but rather encompass situations where 'the underlying governmental conduct which constitutes an excepted cause of action is essential to plaintiff's claim.'" O'Ferrell v. United States, 253 F.3d 1257, 1266 (11th Cir. 2001)(citing Metz v. United States, 788 F.2d 1528 (11th Cir.1986)); see also Emch v. United States, 630 F.2d 523, 528 (7th Cir.1980); Gaudet v. United States, 517 F.2d 1034 (5th Cir. 1975); Quinones v. United States, 492 F.2d 1269, 1279 (3d Cir. 1974). Indeed, "[c]oncluding that plaintiff has set forth a claim for relief recognizable by Pennsylvania courts does not end our inquiry, for we must also determine whether, as a matter of federal law, such a claim is one 'arising out of . . . libel (or) slander . . .' within the meaning of § 2680(h). If it does arise out of libel and slander, then the claim is simply not one for which relief may be had against the Government." Quinones, 492 F.2d at 1279.

As a result of the above, in addition to the fact that plaintiff's state law defamation/false light claims have not been exhausted, they also fail to state a claim upon which relief may be granted, and thus should be dismissed.

## CONCLUSION

For the above stated reasons, the United States requests that this Court dismiss the Pennsylvania State tort law claims pending against it in this action.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

/s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant United States Attorney
PA Bar # 90744
Stephen.Cerutti@usdoj.gov
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Dated: December 22, 2004       Fax: (717)221-2246

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN MORRIS, | : | CIVIL NO. 1:CV-04-1967 |
| Plaintiff | : | |
| | : | (Complaint Filed 9/7/2004) |
| v. | : | |
| | : | (Judge Jones) |
| AGENT GARY LEGORE, et al. | : | |
| Defendants | : | (Electronically Filed) |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

The undersigned hereby certifies that on December 22, 2004, she served a copy of the attached

**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

by electronic service pursuant to Standing Order 03-1, ¶12, to the following:

Addressee:
Don Bailey
Attorney for Plaintiff
4311 N. Sixth Street
Harrisburg, PA 17110

Dated: December 22, 2004

s/ Cindy Long
CINDY LONG
United States Attorney's Office