IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN MORRIS, | : | Case No.:1:04cv1967 |
| Plaintiff | : | |
| | : | Judge Jones |
| v | : | |
| | : | |
| GARY LEGORE, et al. | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

January 5, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss or, in the Alternative, to Strike the Complaint ("Motion to Dismiss") (doc. 4) filed by Defendants Gary LeGore, Rick Etzler, Sean Doud, and Agent Callahan (together "Defendants") on November 5, 2004. Also pending before the Court is a Motion to Dismiss (doc. 18) filed by Defendant United States of America ("Defendant United States") on December 22, 2004. For the reasons that follow, both Motions shall be granted.

**PROCEDURAL HISTORY:**

The plaintiff, Ryan Morris ("Plaintiff") initiated this action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on September 3, 2004 pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3) and (4), 42 U.S.C. § 1983, and invoking the Court's supplemental

1

jurisdiction pursuant to 28 U.S.C. § 1367(c).

On November 5, 2004 Defendants filed the instant Motion to Dismiss, which has been briefed by the parties. The matter is therefore ripe for disposition. On December 22, 2004 Defendant United States filed the instant Motion to Dismiss, which was addressed by the parties at oral argument in the above-captioned case in Harrisburg, Pennsylvania on January 3, 2005.

## **STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

## **FACTUAL BACKGROUND:**

Plaintiff is a police officer and supervisor of the Pennsylvania State University Police Bomb Squad ("PSUPBS") who is highly regarded "with an outstanding record of service to the public, to other law enforcement agencies, and to his unit which is one of the most highly regarded units of its type in the United States." (See Compl. at ¶¶ 4, 8). Defendants Gary LeGore, Rick Etzler, Sean Doud, and Agent Callahan are FBI agents who are sued in their individual capacities. See id. at ¶ 5.

On July 13, 2004 Plaintiff investigated and rendered safe a suspicious object at the federal building in Harrisburg, Pennsylvania. Plaintiff was later indirectly accused by the FBI of planting the smokeless powder at the scene before or after the device was rendered safe by Plaintiff.

## DISCUSSION:

Plaintiff has asserted First Amendment retaliation claims, due process claims, defamation, and false light representation claims against Defendants as they "improperly acted by engaging in a pervasive campaign to have the plaintiff fired, to destroy his professional reputation, to destroy and limit in any way they could his opportunity to perform as a bomb technician motivated solely by their desire to create a facade that would avoid an investigation of their own inadequacies and failures." (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 2-3).

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 on the basis of alleged constitutional violations of the First Amendment, due process clause, and "Plaintiff's rights under Pennsylvania law to be free of false light representations and defamation[.]" (See Compl. at 2, ¶¶ 1-2, 6-7). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In order for a plaintiff to prevail under 42 U.S.C. § 1983 he must establish the following two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (citing Parratt v. Taylor, 451 U.S. 527, 534 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

Plaintiff established that Defendants, FBI agents, are state actors;[1] however, for the reasons that follow, it is our conclusion that Plaintiff has failed to establish

---

[1] According to Plaintiff's complaint, Defendants Gary LeGore, Rick Etzler, Sean Doud, and Agent Callahan are FBI agents sued in their individual capacities. (See Compl. at ¶ 5).

the second element of a § 1983 claim, that is, that Defendants deprived Plaintiff of a federal right secured under the Constitution or federal law, in his First Amendment retaliation claim, due process claims, or defamation claims.

    **A.**    **First Amendment Retaliation Claims**

For Plaintiff, a public employee, to prevail on a First Amendment retaliation claim for engaging in protected conduct, a three-step analysis must be conducted. First, Plaintiff must establish that the activity in question was protected. The speech must involve a matter of public concern. Once this threshold is met, Plaintiff must demonstrate that his interest in the speech outweighs the State's countervailing interest as an employer in promoting the efficiency of the public services it provides through its employees. See Baldassare v. State of New Jersey, 250 F.3d 188, 194-95 (3d Cir. 2001) (citing Pickering v. Bd. of Educ. of Tp. High Sch. Dist., 205 U.S. 563, 568 (1968)). These determinations are questions of law for the court to assess. If these criteria are established, Plaintiff must then show that the protected activity was a substantial or motivating factor in the alleged retaliatory action. Baldassare, 205 U.S. at 195. If Plaintiff satisfies the above requirements, Defendants can rebut Plaintiff's claim by showing that it would have made the same decision even in the absence of Plaintiff's protected conduct. Id. The second and third stages of this analysis present questions of fact for the trier of

5

fact. Id.

Defendants assert that Plaintiff's conduct was not constitutionally protected, as the performance of a scientific test or the preparation of a report conducted in the normal course of employment duties, is not protected speech. Defendants argue that Plaintiff has not alleged that Plaintiff's report as to the presence or absence of smokeless powder was a specific investigation into law enforcement wrongdoing to fall within the realm of protected conduct under Morris v. Crow, 142 F.3d 1379 (11th Cir. 1998) or Baldassare v. State of NJ, 250 F.3d 188 (3d Cir. 2001). Finally, Defendants point out that Plaintiff can show no causal connection between his alleged protected conduct and the alleged adverse action.

The first prong of the First Amendment analysis, whether the speech relates to a matter of public concern, turns on the content, form, and context of the speech. Connick v. Myers, 461 U.S. 138, 147-48 (1983). In addition, speech involves a matter of public concern if "it can be fairly considered as relating to any matter of political, social or other concern to the community." Baldassare, 205 U.S. at 195.

Plaintiff asserts a violation of his First Amendment right to speak out on matters of public concern through his investigative reports as a police officer and his intentions to investigate smokeless powder which was found at the scene of the Harrisburg Federal Building. Plaintiff maintains that his investigative report(s)

6

contained information that was potentially threatening to the careers of FBI agents who allegedly had not adequately performed their responsibilities. (See Pl.'s Br. Opp. Defs.' Mot. Dismiss at 2-3). Plaintiff further contends that he has stated a First Amendment retaliation claim as he was "in demand by the press and this was known to the agents." See id. at 2.

Although Plaintiff argues that his constitutionally protected conduct under the First Amendment is the production of a report or reports on his investigation of the smokeless powder found outside of the Harrisburg Federal Building, several courts of appeal, including the Third Circuit, have held that there can be no First Amendment claim when there is no speech. See Ambrose v. Township of Robinson, 303 F.3d 488, 495 (3d Cir. 2002). Additionally, several courts have held that reports prepared by law enforcement officials in the course of their employment is not protected speech.[2] While Plaintiff's counsel indicated at oral argument that Plaintiff's investigative report contained information that was potentially threatening to the careers of FBI agents, he admitted that the report was

---

[2] See Morris v. Crow, 142 F.3d 1382 (11th Cir. 1998)(Report was generated pursuant to Plaintiff's official and customary duties as an accident investigator with the sheriff's office and nothing indicates that Plaintiff's purpose in writing the report was to bring to light any wrongdoing. Accident report is not protected speech.); Koch v. City of Hutchinson, 847 F.2d 1436 (10th Cir. 1988)(fire marshal's report concerning cause of fire was not constitutionally protected speech); Gonzalez v. City of Chicago, 239 F.3d 939, 942 (7th Cir. 2001)(report produced in course of employment not protected speech).

conducted within the normal course of Plaintiff's duties as a bomb technician. Defendants accurately point out that Plaintiff has not alleged that his report as to the presence or absence of smokeless powder outside the Harrisburg Federal Building was a specific investigation into law enforcement wrongdoing so as to fall within the realm of protected conduct under Morris and Baldassare.[3]  As Plaintiff was reporting the results of a test undertaken in the normal course of his employment as a bomb technician, the production of the report was not protected speech under the First Amendment.[4]

Plaintiff has therefore failed to prove the first prong of the First Amendment retaliation analysis.  As Plaintiff has not established the threshold inquiry of

---

[3] In fact, at oral argument we repeatedly questioned Plaintiff's counsel with respect to whether Plaintiff engaged in any speech or activity outside of his normal duties.  In response, counsel simply reiterated his argument that because Plaintiff's report could tend to show that certain individuals, including Defendants, were not diligent in performing their jobs, it therefore constituted protected speech.  Because Plaintiff cannot direct us to any case which supports such a proposition he is, in effect, asking us to make new law on the issue of what constitutes protected speech under the First Amendment.  We will respectfully decline Plaintiff's invitation in that regard.

[4] We note that although Plaintiff asserts that he was "in demand by the press," the apparent public interest in the activity surrounding events that occurred outside of the Harrisburg Federal Building, does not alone qualify as a matter of public concern for First Amendment retaliation purposes.  The Supreme Court has stated that whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement.  See Connick v. Myers, 461 U.S. 138, 147-48 (1983).  The Morris court has explained that "[p]olice reports reflect information of general public interest and any information concerning police conduct and public safety could be considered to reach matters of public interest.  The fact that such information may be of general interest to the public, however, does not alone make it of 'public concern' for First Amendment purposes." Morris, 142 F.3d at 1382 (citing Connick, 461 U.S. at148 n.8).
8

engaging in constitutionally protected conduct, specifically, speech involving a matter of public concern, the First Amendment retaliation inquiry ends. Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claims is granted.

### B. Due Process Claims

Plaintiff asserts in his complaint that his due process rights were violated by Defendants. (See Compl. at ¶ 6). In their Motion, Defendants argue that Plaintiff's due process claims, both procedural and substantive, should be dismissed. We will now separately analyze Plaintiff's procedural due process claim and his substantive due process claim.

#### 1. Procedural Due Process

The first inquiry in evaluating a claim alleging a violation of procedural due process is whether the plaintiff has a constitutionally protected property or liberty interest. Bd. of Regents v. Roth, 408 U.S. 564, 572, 576 (1972). The individual interests to which procedural due process applies are those protected by the Constitution. Id. at 572. The Third Circuit has articulated those as the individual interests embraced by the "fourteenth amendment's protection of life, liberty, or property." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

As Plaintiff has not alleged that he has been deprived of any interest relating

9

to his life, we must determine whether he has asserted a claim for a protected property or liberty interest. "Where a section 1983 plaintiff claims a procedural due process violation, his claim is dependent upon the denial of a constitutionally protected property or liberty interest." Piecknick v. Pennsylvania, 36 F.3d 1250 (3d Cir. 1994) (citing Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). In determining whether Plaintiff has a protected property interest, the Third Circuit Court of Appeals case, Piecknick v. Pennsylvania, 36 F.3d 1250 (3d Cir. 1994), is instructive. The first question to consider is whether Plaintiff had a protected property interest which entails a "legitimate claim of entitlement to it," which is more than an abstract need or desire for it and more than a unilateral expectation of it. Id. at 1256 (citing Bd. of Regents v. Roth, 408 U.S. at 577). "The plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." Piecknick, 36 F.3d at 1256.

In the case sub judice, Plaintiff has not lost his employment, he is still employed as a bomb technician with the Pennsylvania State University Police. Although Plaintiff has alleged that he has lost certain assignments which will continue to occur in the future, he has put forth no facts that would demonstrate that he was entitled by statute, regulation, policy or any other source to any of the

past or future "lost opportunities" that he asserts he suffered. Defendants accurately point out that absent any concrete right to such opportunities, Plaintiff can establish no property interest sufficient to warrant due process protection.[5]

The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the "liberty" and "property" concepts of the Fifth and Fourteenth Amendments. Piecknick, 36 F.3d at 1259. It is important to note however that "[i]t is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." Piecknick, 36 F.3d at 1259-60 (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 455 (7th Cir. 1992)). Plaintiff has only alleged that he cannot participate on the Joint Terrorism Task Force and that his "operational capacities" on the bomb squad will be limited until this matter is resolved. Notably, Plaintiff specifically stated in his complaint that Chief Stoehr would not remove Plaintiff from the bomb squad, even after Defendants requested that Chief Stoehr do so. (See Compl. at ¶¶ 29-30). Plaintiff has therefore not lost his job and is seeking due process protection for losing particular work

---

[5] Plaintiff alleges the following: a past loss of overtime; a loss of $25,000 per year in overtime for the next thirty years; the opportunity for advancement and career educational opportunities; a diminution in his responsibilities and schedule changes; the denial of the opportunity to attend the Little League World Series in Williamsport, Pennsylvania; and operational opportunities with his squad. (See Compl. at ¶¶ 50-55).

11

assignments. At oral argument and in their briefs, Defendants assert that Plaintiff lacks due process protection in his employment position and that it defies logic to think that due process protection would extend to particular job assignments within the unprotected employment position under the Due Process Clause of the Fourteenth Amendment. (See Defs.' Reply Br. at 9). We agree.

We hold that Plaintiff lacks a liberty interest in job-related opportunities or assignments and can therefore not establish a liberty interest sufficient to warrant due process protection.

As Plaintiff has failed to establish a property or liberty interest sufficient to warrant due process protection, we will grant Defendants' Motion to Dismiss Plaintiff's procedural due process claims.

### 2. Substantive Due Process

To prevail on a substantive due process claim based on a non-legislative or executive decision, Plaintiff must show the deprivation of that "certain quality" of property or liberty interest as is recognized as worthy of substantive due process protection. Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000). In addition, the action causing the alleged deprivation must be so egregious that it "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998); United Artists Theatre Circuit, Inc. v. Twp. of Warrington,

Pennsylvania, 316 F.3d 392, 399-401 (3d Cir. 2003). Furthermore, in determining whether a certain property interest embodies this "particular quality," the Third Circuit has carefully reviewed the applicable case law. The Third Circuit concluded that it is not determined by reference to state law, but depends on whether that interest is "fundamental" under the Constitution. See Nicholas, 227 F.3d at 140. "[W]hen a plaintiff challenges a non-legislative state action (such as an adverse employment decision), we must look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution." Id. at 142. If it is, the Third Circuit Court of Appeals has explained that substantive due process protects the Plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used. Id. If, however, the interest is not "fundamental," the governmental action is entirely outside the ambit of substantive process and will be upheld so long as the state satisfies the procedural due process requirements.

The pertinent question is therefore whether Plaintiff's public employment as a police officer and bomb squad member with the Pennsylvania State University is a fundamental constitutional right. In Nicholas, the Third Circuit Court of Appeals determined that tenured public employment was not so fundamental as to give rise to substantive due process concerns. Id. at 142. In holding that Nicholas' tenured

public employment was not a fundamental property interest entitled to substantive due process protection, the Third Circuit explained that it was joining "the great majority of courts of appeals that have addressed [the] issue."[6] Id. Public employment is viewed as analogous to state-created property interests considered unworthy of substantive due process protections. Id. at 143.

Accordingly, Plaintiff has failed to state a substantive due process cause of action as he had no fundamental property interest in his government employment position as a police officer and bomb squad member with the Pennsylvania State University. Our decision that Plaintiff had no fundamental property interest in his public employment comports with the Supreme Court's admonition that the federal judiciary should not become a general court of review for state employment decisions. See id. (citing Bishop v. Wood, 426 U.S. 341, 359-60 (1976)).[7]

---

[6] See Singleton v. Cecil, 176 F.3d 419, 425-26 (8th Cir. 1999)(en banc)("a public employee's interest in continued employment with a government employer is not so 'fundamental' as to be protected by substantive due process"); McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994)(en banc)("employment rights are not 'fundamental' rights created by the Constitution"); Lum v. Jensen, 876 F.2d 1385, 1389 (9th Cir. 1989)(finding "no clearly established constitutional right to substantive due process protection of continued public employment" in Ninth Circuit as of 1984); but see Newman v. Massachusetts, 884 F.2d 19, 25 (1st Cir. 1989)("school authorities who make an arbitrary and capricious decision significantly affecting a tenured teacher's employment status are liable for a substantive due process violation"). Nicholas, 227 F.3d at 142-43.

[7] The Supreme Court has stated, "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judiciary review for every such error...The Due Process Clause of the Fourteenth

C.      **Defamation Claims**

In his complaint, Plaintiff asserts that his rights to be free of false light representations and defamation have been violated by Defendants. (See Compl. at ¶ 7). Plaintiff's brief in opposition to Defendants' Motion to Dismiss characterizes his defamation claims as an attempt to bring state law defamation claims against Defendant FBI agents, as opposed to an action under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Pursuant to 28 U.S.C. §§ 2679(d)[8] and 2679(b)(1)[9], the United States certified that Defendants were acting within the scope of their employment at all relevant times in this case, and the United States filed a notice of substitution as a defendant as to the common law defamation and false light claims. Plaintiff's action for defamation and false light claims consequently no longer lies against the individual named defendants in this

---

Amendment is not a guarantee against incorrect or ill-advised personnel decisions." Bishop, 426 U.S. at 359-60.

[8] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d).

[9] "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1).

action, as they enjoy absolute immunity from such claims, but lies against Defendant United States. See Brumfield v. Sanders, 232 F.3d 376, 379 (3d Cir. 2000); see also Melo v. Hafer, 13 F.3d 736, 739 (3d Cir. 1994).

Concurrent with Defendant United States' certification of the scope of employment and notice of substitution as a defendant in this matter, Defendant United States filed a Motion to Dismiss based upon the applicable provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (See Rec. Docs. 18-19).

Defendant United States accurately explains that the FTCA is the sole means by which Plaintiff could bring suit for the alleged tortious acts of the individually named FBI defendants regarding his state law defamation and/or false light representation claims, since they were acting within the course and scope of their employment at all times relevant to this case. Plaintiff was therefore required to follow the procedures set forth in the FTCA to properly seek redress for the alleged tortious acts of defamation and/or false light representation.

Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to

the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). The Third Circuit Court of Appeals has stated that the requirement that an FTCA plaintiff first present the claim for determination by the appropriate federal agency is jurisdictional, cannot be waived, and if it has not been satisfied, we are powerless to address the issue. See Roma v. United States, 344 F.3d 352, 362-63 (3d Cir. 2003); see also Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Only if the above required administrative claim is denied, or, alternatively, if no action is taken on the claim for a period of six months may a claimant then file suit in district court under the FTCA. 28 U.S.C. § 2675(b).

The Third Circuit Court of Appeals has explained that it is the plaintiff's burden to prove that jurisdictional requirements for his claims have been met. See Development Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995). In the case sub judice, Plaintiff conceded during oral argument that he has failed to meet the jurisdictional requirement that he present an administrative claim to the appropriate federal agency for the alleged tortious acts of its employees. Plaintiff has likewise not pled, nor can he show, that a claim has been expressly denied or that the appropriate federal agency has failed to act upon it for a period of six months. Accordingly, Plaintiff's state law defamation and/or false light representation claims must be dismissed for failure to exhaust his

administrative remedies as required by the provisions of the FTCA.[10]

### D.    Leave to Amend Complaint

On November 15, 2004, the Court granted Defendants' Motion to Postpone the Case Management Conference and to stay discovery pending the Court's resolution of the individual named Defendants' instant Motion to Dismiss. (See Rec. Doc. 8). At oral argument Plaintiff's counsel requested that the Court allow him to supplement the record with the following information: an expert opinion by an alleged FBI expert discussing whether the smokeless powder found outside the Harrisburg Federal Building was present before the explosion or placed there afterwards and an expert opinion concerning polygraph tests. We will decline this request, as those materials are not relevant to our analysis in any event.

Plaintiff's counsel also requested that in the event Defendants prevailed at this stage, Plaintiff should be permitted to amend his complaint. While we harbor grave doubts as to the viability of Plaintiff's First Amendment retaliation and due process constitutional claims, out of an abundance of caution, we will grant

---

[10] As we have dismissed Plaintiff's state law defamation and/or false light representation claims based upon Plaintiff's failure to exhaust his administrative remedies pursuant to the FTCA, we need not address Defendant United States' assertion that Plaintiff's state law claims are excluded from the FTCA's waiver of sovereign immunity. (See Def. United States' Br. Supp. Mot. Dismiss at 6-9).

Plaintiff twenty days to file an amended complaint.[11]

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (doc. 4) is granted in its entirety.

2. Defendant United States' Motion to Dismiss (doc. 18) is granted in its entirety.

3. Plaintiff shall file an amended complaint within twenty days of the date of this Order.

4. In the event that Plaintiff fails to file an amended complaint within twenty days of the date of this Order, the Clerk shall close the file on this case.

s/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge

---

[11] We caution Plaintiff's counsel that an amended complaint must cure the evident legal defects present in his action as pled. Plaintiff's counsel's modus operandi in this and other cases appears to be that if a perceived injustice can be stated with sufficient gravity, it then necessarily encompasses a constitutional claim. Regrettably, Plaintiff's counsel blames dismissal of these actions on a proclivity by this Court to "short shrift" his cases prior to discovery. To the contrary, we will note that in the case sub judice, despite being given ample opportunity to do so, Plaintiff's counsel could not provide a single example of a fact which, if revealed in discovery, would serve to prevent a dismissal of this case. Notwithstanding that, and in an effort to give every benefit of the doubt to Plaintiff, we will as stated allow an appropriate period to amend the complaint.